UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


SEKOUBA CAMARA,

          Petitioner,

v.                                      Action No.   2:26cv666

JEFFREY CRAWFORD,
Farmville Detention Center, et al.,

          Respondents.


## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the 28 U.S.C. § 2241 *pro se* petition filed by petitioner Sekouba Camara ("Camara"), a detainee of United States Immigration and Customs Enforcement, seeking immediate release from custody or a bond hearing.  ECF No. 1.  The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia.  ECF No. 5.

For the reasons discussed below, it is **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, be **GRANTED in part** and **DENIED in part** and respondents provide Camara with a standard bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Camara was living in the United States, working and paying taxes, when he was detained and denied a bond hearing.  ECF No. 1, at 6–7.  Camara was taken into civil immigration custody

on July 17, 2025, and remains in custody. *Id.* at 5. Camara has not been convicted of, or arrested for, any crime that requires detention. *Id.* at 7.

Camara submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241 on June 26, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. *Id.* at 9. Camara alleges that he has been unlawfully detained without a bond hearing. *Id.* at 6.

Federal respondents filed a notice on June 30, 2026, asserting the factual and legal issues presented in Camara's petition do not differ in any material fashion from those presented in *Ceba Cinta v. Noem,* No. 1:25cv1818, 2025 WL 4053171 (E.D. Va. Oct. 29, 2025); *Duarte Escobar v. Perry,* 807 F. Supp. 3d 564 (E.D. Va. 2025); and *Romero v. Crawford,* No. 3:25cv788, 2026 WL 94634 (E.D. Va. Jan. 13, 2026). ECF No. 8. Specifically, respondents assert that Camara's petition and the cited cases concern whether an alien who is present in the United States without admission is properly subject to mandatory detention without the prospect of release on bond during his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b). *Id.* at 1–2. Pursuant to respondents' request, *id.* at 2, the opposition filed in *Ceba Cinta,* No. 1:25cv1818, ECF No. 9, will be adopted as if filed in this case for appeal purposes. Further, pursuant to the Court's order entered June 30, 2026, the Court will not await further filings from Camara prior to issuing this report and recommendation. ECF No. 6, at 2.

## II.    LEGAL STANDARD

A federal court may grant habeas relief only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis,* 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone,* 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.   ANALYSIS

Camara argues that he has been denied a bond hearing and he requests release or a "fair bond hearing." ECF No. 1, at 6, 8. Respondents argue that Camara's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Camara is detained under 8 U.S.C. § 1225(b)(2)(A) and not 8 U.S.C. § 1226(a). *Ceba Cinta*, No. 1:25cv1818, ECF No. 9, at 7–17. Respondents also argue that because Camara was not legally granted entry into the country, he is still "seeking admission," making section 1225(b)(2)(A) the appropriate statute to apply to his detention. *Id.*

As a threshold matter, this Court has jurisdiction to consider Camara's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Camara's detention. *See Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

The ultimate issue is whether Camara is subject to mandatory detention under 8 U.S.C. § 1225(b) or is subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing to determine whether he should be released during the duration of his removal proceedings. Section 1225(a) of the INA provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2) provides that if an

3

immigration officer "determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." *Id.* § 1225(b)(2)(A) (emphasis added). Section 1226, titled "[a]pprehension and detention of aliens," provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on [a] conditional parole." *Id.* § 1226(a)(1)–(2). Individuals subject to detention under section 1226(a) are entitled to a bond hearing.

Respondents' argument—that 8 U.S.C. § 1225(b)(2)(A) provides for mandatory detention for all inadmissible noncitizens unlawfully present in the United States, including noncitizens like Camara who have lived here—has been rejected by numerous decisions both in this district and other courts across the country. *See Velasquez v. Noem*, No. 3:25cv998, 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting 30 cases in this district rejecting respondents' argument); *Cunha v. Freden*, 175 F.4th 61, 71–72 (2d Cir. 2026) (noting that, as of mid-February 2026, "over 370 district judges across the Nation [over 90%] . . . have also rejected the government's position").[1] This case is not factually distinguishable such that it would require a different outcome. As the Second Circuit thoroughly explained in a recent decision in *Cunha v. Freden*,

---

[1] The Fifth Circuit and Eighth Circuit have accepted respondents' arguments. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 507–08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1135–36 (8th Cir. 2026). These decisions are not binding and the Court is unpersuaded by the reasoning for the reasons explained in *Cunha*, 175 F.4th at 71–96, and Judge Douglas' dissent in *Buenrostro-Mendez*, 166 F.4th at 508–21. The Court further notes that the Fifth Circuit has recently found noncitizens similarly situated to Camara, while considered applicants for admission subject to mandatory detention under section 1225(b)(2)(A), have a due process Fifth Amendment right to an individualized bond hearing if that detention exceeds 90 days. *Rodriguez v. Ortega*, --- F. 4th ---, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026).

4

based on the plain language of Section 1225 and Section 1226, . . . Petitioner's detention is governed by Section 1226 and . . . he is entitled to a bond hearing. That determination is reinforced by the statutory context, structure, history, and purpose, as well as the nearly three decades of Executive Branch practice enforcing the immigration laws with that understanding and the accompanying congressional silence in light of that practice.

*Cunha*, 175 F.4th at 71; *see also Lopez-Campos v. Raycraft*, 175 F.4th 713, 734–35 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *8–9 (10th Cir. June 30, 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1284–85 (11th Cir. 2026).

Camara alleges—and respondents do not expressly dispute—that he has been living in the United States, working and paying taxes, and has not been arrested for a crime that requires detention. ECF No. 1, at 7. Like the petitioner in *Cunha*, Camara is an applicant for admission pursuant to the definition provided in 8 U.S.C. § 1225(a)(1), as he is present in the United States without being admitted. Camara is not, however, seeking admission under 8 U.S.C. § 1225(b)(2). Rather, he is a noncitizen "detained pending a decision on whether [he] is to be removed from the United States" under 8 U.S.C. § 1226(a). As the Supreme Court stated in *Jennings v. Rodriguez*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).

Thus, as Camara was living in the United States, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a), not section 1225(b)(2)(A)'s mandatory detention procedures. *Cunha*, 175 F.4th at 70–93; *Velasquez*, 2026 WL 279226, at *6–7. Further, Camara's continued detention absent a bond hearing violates his due process rights. *Cunha*, 175 F.4th at 93–96.

Because Camara has not had a bond hearing before an immigration judge at which he was

considered for discretionary detention, a bond hearing, rather than immediate release, is the appropriate remedy.

### III.   RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **GRANTED in part** and respondents provide Camara with an individualized constitutionally compliant bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  To the extent that the petition seeks immediate release, the Court **RECOMMENDS** that the petition be **DENIED**.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
July 9, 2026

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

Sekouba Camara
A# 24553377
ICA-Farmville Detention Center
P.O. Box N
Farmville, VA 23901


Fernando Galindo, Clerk


By  /s/ J. L. Meyers
          Deputy Clerk


July __9__, 2026

8