**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

SEKOUBA CAMARA,

     Petitioner,

     v.

JEFFREY CRAWFORD, *et al.,*

     Respondents.

Case No. 2:26-cv-666

## ORDER

Petitioner Sekouba Camara seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 9. Before the Court is an unopposed report and recommendation, in which the Honorable Robert J. Krask, United States Magistrate Judge, concluded that the petition should be granted in part. ECF No. 9.

Judge Krask advised the parties of their rights to object to his findings and recommendations and explained that failure to timely object would result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. ECF No. 9 at 6–7 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F. 2d 91 (4th Cir. 1984)). The time to file an objection has expired, and neither party objected to the report and recommendation.

In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

The Court has reviewed Judge Krask's findings and recommendations and found no clear error. Accordingly, the report and recommendation (ECF No. 9) is **ADOPTED.**

Petitioner Sekouba Camara's petition for a writ of habeas corpus (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART**. The request for immediate release is denied, but the request for a bond hearing is granted.

The government is **ORDERED** to provide the petitioner with a bond hearing in front of an immigration judge pursuant to 8 U.S.C. § 1226(a). The immigration court **SHALL** provide the petitioner with the opportunity for a bond hearing prior to any hearing on the merits of his removal, and no later July 29, 2026.

The government is **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

The government **SHALL** file a status report with this Court within three days after the petitioner's bond hearing and prior to any hearing on the merits, stating whether he has been granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating that the petitioner's request for bond was denied

because he was deemed a "flight risk" or a "danger to the community," without more, is insufficient.

In the event the petitioner is released on bond, the government is **ENJOINED** from rearresting the petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should the petitioner be released on bond, the government is **FURTHER ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 27, 2026

---

[1] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).

3